Per Curiam.

Despite defendant’s dilatory tactics, its claim that the default was not willful is not without basis. Its defense, while not impressive, is at least meritorious. In the circumstances, it will be given its day in court on terms adequate to protect plaintiff.
The Bar is advised that, independent of a meritorious claim or defense, protracted dilatory conduct is an uncalled for burden on litigants, counsel and the court. In such instances, where appropriate, as a condition to denying relief under CPLR 3126, the party imposed upon will be reimbursed for the needless time consumed and expenses incurred. In flagrant cases, the provisions of CPLR 3126 will be strictly enforced.
The order is modified to the extent that the motion to vacate the judgment, and the levy thereunder, is granted on condition that defendant submit to examination pursuant to the notice of May 6, 1966, at Special Term, Part II of the Civil Court, New York County, on July 21, 1967, at 10:00 a.m., and within 10 days after service of a copy of the order hereon with notice of entry deposit with the Clerk of the court below as security for plaintiff’s recovery herein $1,100 in cash or file a surety *359 company bond 'in that amount and pay plaintiff $100 costs; and as so modified affirmed, without costs. This disposition is without prejudice to the right, if any, of the City Marshal to collect out of the property levied upon the fees lawfully due him. In the event that defendant fails to comply with the foregoing conditions, order affirmed, with $10 costs.
Concur — Hofstadtbr, J. P., Gold and Markowitz, JJ.
Order modified, etc.